LEANDER LACKEY *vs.* STEPHEN M. HOLBROOK & another.

A mortgagee of a house entered into it, with an officer, by opening the outer door thereof in the absence of the mortgagor and his family, before the condition of the mortgage was broken, and without giving notice to the mortgagor to quit, and the officer, by the mortgagee's direction, attached the mortgagor's goods in the house: The mortgagor brought an action of trespass against the mortgagee and the officer for breaking and entering the house and carrying away the goods. *Held,* that the action could not be maintained.

TRESPASS for breaking and entering the plaintiff's dwelling-house, and carrying away his goods. At the trial in the court of common pleas, before *Merrick,* J. the plaintiff introduced evidence tending to show that, in the absence of himself and his family, the defendants entered the house occupied by him (and of which he had a warranty deed, dated before said entry) by opening the outer door; and that Eaton, one of

the defendants, being a deputy sheriff, and having a writ against the plaintiff, in favor of Holbrook, the other defendant, attached the goods mentioned in the plaintiff's writ, by direction of said Holbrook.

The defendants gave in evidence a mortgage deed of said house, made by the plaintiff to said Holbrook and one Sutton, of the same date with that of the aforesaid deed thereof to the plaintiff, the condition of which mortgage deed did not appear to have been broken, and in which there was no provision that the mortgagor (the plaintiff) should remain in possession; and they contended that this mortgage deed gave said Holbrook a right to enter at any time, and that the plaintiff could not maintain this action against him, nor against Eaton, who acted under him. But the judge ruled, that said mortgage deed gave Holbrook no right to enter, without previously giving the plaintiff notice to quit, and that this action might be maintained. A verdict was found for the plaintiff, and the defendants alleged exceptions to the judge's ruling.

*Hartshorn,* for the defendants. A mortgagee is entitled to immediate possession, unless there is a written agreement to the contrary; *Colman* v. *Packard,* 16 Mass. 39; and a mortgagor, being like a tenant at will, cannot maintain an action of trespass *quare clausum fregit* against the mortgagee. *Wilde* v. *Cantillon,* 1 Johns. Cas. 123. *Sampson* v. *Henry,* 13 Pick. 36. *Meader* v. *Stone,* 7 Met. 147. *Blaney* v. *Bearce,* 2 Greenl. 132. *Crowther* v. *Ramsbottom,* 7 T. R. 654. The plaintiff, in order to maintain this action, must have exclusive possession. *Thacher* v. *Inhabitants of Barnstable,* 3 Met. 239.

When a party, who has a lawful right to enter into possession of real estate, actually enters, the law presumes that he entered under such lawful right. *Benson* v. *Bolles,* 8 Wend. 175.

*Randall & Bacon,* for the plaintiff. The defendants, by opening the outer door, though for the service of lawful process, were trespassers. *Ilsley* v. *Nichols,* 12 Pick. 270.

· The exceptions do not show an entry under the mortgage, for any purpose connected therewith, and therefore no defence can be made under the mortgage. *Flagg* v. *Flagg*, 11 Pick. 475. *Runyan* v. *Mersereau*, 11 Johns. 534. See also Rev. Sts. *c.* 107, §§ 1, 9.

The decision was made at October term 1847.

DEWEY, J. A mortgagee has a right to immediate possession of the mortgaged premises, when there is no agreement that the mortgagor shall retain the possession until a breach of the condition of the mortgage. This doctrine, so well settled by repeated decisions of this court, has now become incorporated into the statute law of the Commonwealth. Rev. Sts. *c.* 107, § 9.

We see nothing in the present case to take it out of the ordinary rule applicable to mortgages. It is true that by the entry an opportunity was afforded to the officer to serve a legal process, and make an attachment of the goods of the plaintiff. This does not, however, affect the main question, namely, the right of Holbrook to enter upon the premises, he holding a mortgage of the same. This right of entry, as mortgagee, he might exercise without notice to quit, previously given. *New trial granted.*